■ CAROLYN SCARCELLO, Respondent, v JOHN W. SCARCELLO, JR., Appellant.—In a divorce action, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated May 5, 1979, which (1) denied his motion to vacate a note of issue to allow pretrial disclosure, (2) granted plaintiff's cross motion for counsel fees *pendente lite* in the sum of $1,500, and (3) denied defendant's cross motion for counsel fees. Order modified, on the law, by (1) deleting the provision therefrom granting plaintiff's cross motion for counsel fees *pendente lite* and adding thereto a provision denying said cross motion and (2) adding a provision thereto that disclosure proceedings shall take place while the action remains on the calendar on condition that defendant pay to the plaintiff the sum of $150 within 10 days after entry of the order to be made hereon. As so modified, order affirmed, without costs or disbursements, and an examination before trial of the plaintiff shall be held at a time and place to be fixed in a written notice of not less than 10 days to be given by the defendant, or at such other time and place as the parties may agree. The time within which such notice may be served is extended until five days after the compliance by defendant with the above-mentioned condition. If the defendant does not comply with the conditions set forth herein, then the action shall proceed without further disclosure proceedings. Since defendant's delay in answering the complaint appears deliberate, plaintiff should not be further delayed by having her note of issue stricken; nor should defendant be permitted disclosure without payment of appropriate costs. The counsel fee issue, however, is best disposed of after a full trial of the financial issues in this case and thus *pendente lite* relief is not warranted (see *Childs v Childs,* 69 AD2d 406). Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.